# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AARON ISBY-ISRAEL, TONY MAY, and TERRY HUSPON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) 1:11-cv-1681-JMS-DML<br>) |
| BRUCE LEMMON, et al., | )<br>) |
| Defendants. | ) |

## ENTRY REMANDING ACTION TO STATE COURT

Pursuant to 28 U.S.C. § 1446(4), "[t]he United States district court in which [a] notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

Applying this mandate, the present action must be **remanded** to the Marion Superior Court. The reason for this is that a plaintiff in the state court case docketed as No. 49D13-1108-PL-032354, seeks removal of that action, yet a plaintiff may not remove an action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104-09 (1941) (holding that Congress intended to eliminate the right of plaintiffs to remove cases and that the removal statutes are to be strictly construed); *American Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.,* 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants."); *People of State of Ill. v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576 n.7 (7th Cir.) ("the 1887 removal statute evinces a conscious purpose on the part of Congress to limit federal removal jurisdiction by allowing only defendants to have cases removed to federal court"), *cert. denied,* 459 U.S. 1049 (1982).

A separate order of remand, consistent with Rule 58 of the *Federal Rules of Civil Procedure*, shall now issue.

**IT IS SO ORDERED.**

Date: 01/03/2012

*(signature)*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana